**CHICAGO DISTRICT COUNCIL OF CARPENTERS PENSION FUND, et al., Plaintiffs,**

v.

**CONVEY OR STORE, INC., Defendant.**

**No. 03 C 1764.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 11, 2004.

894

Daniel Paul McAnally, Travis J. Ketterman, Martin Alexander Duncan, Whitfield & McGann, Chicago, IL, for Plaintiffs.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

In 1991, defendant Convey or Store, Inc. ("Convey"), an employer, entered into a pre-hire agreement with the Chicago and Northeast Illinois District Council of Carpenters ("Union") covered by section 8(f) of the Taft–Hartley Act, 29 U.S.C. § 158(f). That provision permits construction industry employers and unions to sign collective bargaining agreements even though the union may not represent a majority of the employer's employees. The agreement established that Convey would be bound by "area agreements" between the union and certain employers' associations. The agreement was self-renewing and provided that Convey would be bound by each successor area agreement unless it provided written notice to the union three months prior to the expiration of the current agreement.

The parties agree that the agreement was in effect during the first half of 1998, and that it was due to expire on June 1, 1998. They further agree that in the absence of repudiation, the agreement would have been renewed for the period of June 1, 1998 to June 1, 2001. On June 1, 1998, Convey mailed a written repudiation of the agreement to the union and defendant Chicago District Council of Carpenters Pension Fund ("Fund"). At that time, it ceased to make monthly contributions to the fund. On June 30, 1999, the Fund sued Convey, alleging that it failed to make certain contributions between January 1997 and the date of the complaint. In June 2000, the parties to that case reached a settlement agreement whereby Convey paid $84,228.05 to the Fund but expressly denied liability. The parties agree that Convey paid no further amounts to the funds.

■ Plaintiff Fund now sues Convey under § 502 of ERISA and Section 301 of the Taft–Hartley Act seeking contributions allegedly owed for the period between October 1, 1999 and December 31, 2001. The Fund argues that Convey's failure to provide written notice of repudiation three

months prior to the expiration/renewal date of June 1, 1998 means that Convey agreed to renew the relationship for another three years. Similarly, they argue that Convey failed to provide such notice three months prior to the subsequent expiration/renewal date of June 1, 2001, and therefore is bound to the agreement until May 31, 2005. Convey moves for summary judgment. I grant the motion in part and deny it in part.

The June 1, 1998 repudiation was not an effective repudiation of the 1998–2001 agreement. The agreement had already been renewed three months prior to that date by Convey's silence. Therefore, what, if anything, Convey owes for the 1998–2001 period is a question of fact that cannot be resolved on summary judgment. However, that 1998 repudiation was effective as to the 2001–2005 contractual period, as it indisputably occurred more than three months prior to the second renewal date of June 1, 2001. Therefore, Convey's motion for summary judgment is GRANTED as to funds allegedly owed for the 2001–2005 contractual period and otherwise DENIED.